Aultman v. Donnell.

The Aultman & Taylor Company v. Tudor V. Donnell and George W. Cooper.

**No. 307.**   (60 Pac. 482.)

Sales—*Contract of Warranty — Waiver of Claims for Damage.* When a vendee, for a valuable consideration, and with full knowledge of all the facts, executes, in writing, a waiver of all damages, supposed or real, that he may have against his vendor upon a contract of warranty, he is bound by its terms.

Error from Edwards district court; J. E. Andrews, judge.   Opinion filed March 20, 1900.   Reversed.

*L. M. Day, A. C. Dyer,* and *George & Lowe,* for plaintiff in error.

*F. Dumont Smith,* for defendants in error.

The opinion of the court was delivered by

Dennison, P. J.: This action was commenced in the district court of Edwards county by the plaintiff in error to recover from T. V. Donnell, one of the defendants in error, the sum of $464 and interest, alleged to be due upon two certain promissory notes.  Geo. W. Cooper, upon his own motion, was made a party defendant, and the defendants, as an offset to the claim of plaintiff, alleged that they had been damaged by a breach of the warranty of a portion of the machinery for which the notes had been given.  The jury returned a verdict in favor of the plaintiff for the sum of thirty-three cents, and judgment was rendered therefor.  The plaintiff brings the case here for review, and insists that the amount of the judgment rendered in its favor is too small.

The attorneys for the plaintiff in error have filed a brief containing 113 pages of solid matter in which

argument, evidence and assignments of error are so intermingled that it tends to confuse rather than to assist the court.   For this reason we will decline to write an extended opinion in the case.

Tudor V. Donnell, George W. Cooper and S. L. Cooper purchased a thrashing outfit of the plaintiff in error in July, 1891.   In March, 1892, the Coopers sold to Donnell and executed the following agreement as the terms of the sale :

"BELPRE, KAN., March 31, 1892.
"KNOW ALL MEN BY THESE PRESENTS, That we, George W. Cooper and S. L. Cooper, agree to sell and transfer to T. V. Donnell our equity and half share in Aultman & Taylor thrashing outfit bought by all three of us co-jointly last year from Aultman & Taylor Co., upon condition that T. V. Donnell pay us seventy dollars, assume all company liabilities and collect all debts owing to the company being now dissolved.
"Signed in the presence of Samuel Cooper.

T. V. DONNELL.
G. W. COOPER.
S. L. COOPER."

In July, 1892, after having operated the machine one full season and after having purchased the interest of the Coopers, Donnell executed and delivered to the agents of plaintiff in error the following waiver :

"BELPRE, KAN., July 26, 1892.
"In consideration of the extension of my note dated June 16, 1891, due November 1, 1891, until October 1, 1892, I hereby waive all claim for any real or supposed damage as against the Aultman & Taylor Company of any kind whatsoever, caused either by the failure of my separator, engine or any other machinery bought of the said Aultman & Taylor Company to fill the warranty given on same.

TUDOR V. DONNELL.
"Witness :  J. M. BROWN."

Donnell testified that at the time he signed the

above waiver he had no knowledge of the construction of the machinery or whether it was properly constructed. The warranty given by the plaintiff in error is as follows:

"The following are the warranties given by the Aultman & Taylor Company on thrashers, horse-powers, engines and sawmills sold by said company, and the above-described machinery is bought by the undersigned and sold by the Aultman & Taylor Company subject fully and solely and only to the warranty printed below, which applies to the machinery above ordered; the warranty on engine applying to the engine only, the warranty on thrasher to thrasher and horse-power only, and the warranty on sawmill to sawmill only. Automatic matchless swinging stackers, wagon elevators, with or without cross-conveyors, bagging attachments, or any other special attachment meant to be used with or from the thrasher, and not usually furnished as a part of it, is, when furnished, classed with the thrasher and subject to the same warranty; and when engine and thrasher, or engine and saw-mill, or any other combination of machinery is sold as an establishment, the failure of any part or machine to fulfil its warranty shall not in any way affect the payment of the purchase-price of any other part or parts of said establishment. No person selling Aultman & Taylor machinery is authorized to make any verbal or written alteration or any change whatever in any of these warranties.

"WARRANTY ON THRASHER.—This machine is ordered, purchased and sold subject to the following warranty and agreement, viz.: That with good management the Aultman-Taylor thrasher is capable of doing a good business in thrashing and cleaning grain, and is superior in its adaptation for separating and saving from the straw the various kinds and conditions of grain and seeds. Conditioned, that the undersigned purchaser shall intelligently follow the printed hints, rules and directions of the manufacturers, and if by so doing they are unable to make it operate well, written notice stating wherein it fails to satisfy the warranty is to be given by the purchasers to the Aultman & Taylor Company, at Mansfield, Ohio, by registered letter, within ten days after the delivery of the machine to the purchaser, and reasonable time allowed to get to it and remedy the defect, unless it be of such a nature that they can advise by letter. If they are not able to make it operate well (the purchaser rendering necessary and friendly assistance), and the fault is in the machine, it is

to be taken back and the payments refunded or the defective part remedied and made the same as in their other machines which do perform satisfactorily. But, if the purchasers fail to make it perform through improper management, or neglect to observe the printed or written directions, then the purchasers are to pay expenses incurred.

" Also, that if any part of said machine (except the levers or belting) fails during this year in consequence of any defect in material of said part, if the purchaser shall have observed the printed or written directions applicable to the management of such part, the Aultman & Taylor Company are to furnish a duplicate of said part free of charge, except freight, after the presentation of the defective piece, clearly showing the flaw in the material at the factory, at any time within one year, but deficiencies in pieces, or in special attachments, not to condemn other parts, and deficiencies in general adaptation for thrashing, separating and cleaning, which alone involve the alteration or the taking back of the machine, must be reported by registered letter to the Aultman & Taylor Company, at Mansfield, Ohio, within ten days after delivery of it to the purchasers; otherwise all claims whatever are expressly waived by the purchasers.

"WARRANTY ON ENGINE.—This engine is ordered, purchased and sold subject to the following warranty and agreement, viz.: That with good management the Aultman-Taylor engine is capable of supplying as much power as any engine of same horse-power made in the United States; and that it is constructed of first-class material throughout. Conditioned, that the undersigned purchasers shall intelligently follow the printed hints, rules and directions of the manufacturers, and if by so doing they are unable to make it operate well, written notice stating wherein it fails to satisfy the warranty is to be given by the purchasers to the Aultman & Taylor Company, at Mansfield, Ohio, by registered letter, within ten days after the delivery of the engine to the purchasers, and reasonable time allowed to get to it and remedy the defect, unless it be of such a nature that they can advise by letter. If they are not able to make it operate well (the purchaser rendering necessary and friendly assistance), and the fault is in the engine, it is to be taken back and the payments refunded, or the defective part remedied and made the same as in their other engines which do perform satisfactorily. But if the purchasers fail to make it perform through improper management, or neglect to observe the printed or written directions, then the purchasers are to pay all expenses incurred.

"Also, that if any part of said engine fails during this year in consequence of any defect in material of said part, if the purchaser shall have observed the printed or written directions applicable to the management of such part, the Aultman & Taylor Company are to furnish a duplicate of said part free of charge, except freight, after the presentation of the defective piece, clearly showing a flaw in the material at the factory, at any time within one year, but deficiencies in pieces not to condemn other parts; but deficiencies in general adaptation for thrashing and general purposes, which alone involve the alteration or the taking back of the engine, must be reported by registered letter to the Aultman & Taylor Company, at Mansfield, Ohio, within ten days after the delivery of it to the purchasers; otherwise all claims whatever are expressly waived by the purchasers.

" It is further agreed and made an essential part of

Aultman v. Donnell.

each of the above warranties, that in every case where the required registered-letter notice or notices set forth in the above warranties are not given strictly as provided, the Aultman & Taylor Company shall be relieved and discharged from all claims and obligations of every nature under the warranty or warranties; and no visit said company or any of its representatives may make to said machinery and no assistance it or any of its representatives may render the purchasers in operating said machinery, nor any other act of any of its representatives, shall in any way renew or revive the warranty or warranties, or create any new obligation or liability on the part of said company.

"Witness our hands and seals, the day and year above written.     G. W. COOPER.     [SEAL.]
                                        T. V. DONNELL.     [SEAL.]"

After one whole season's trial, during which the machine had done $1700 worth of thrashing, Donnell should have known whether the thrasher was capable of doing a good business in thrashing and cleaning grain and whether the engine was capable of supplying the power as required by the warranty, and he in fact testifies that, during the period intervening between the time he purchased the outfit and the time of signing the release, the engine did not furnish sufficient power to propel itself and draw the separator, and that the separator did not do good business in thrashing and cleaning grain.

His own testimony shows that he knew these facts when he signed the waiver and he is bound by it. The extension of the time of the payment of the note is a sufficient consideration for the waiver and is the only consideration included in the waiver, and as the contract of waiver is in writing, no other consideration can be shown. The note was extended; hence there was no failure of consideration for the waiver. The jury found specially that the contract of waiver was

entered into and the time for the payment of the note extended. They also allow the defendants $150 damages for the failure of the engine to furnish power on the road, and $450 for the failure of the separator properly to thrash and separate grain. The plaintiff moved for judgment upon the special findings of the jury. We think this motion should have been sustained. .There is no dispute in the evidence that Donnell knew of the failure of the machinery to fulfil the terms of the warranty prior to the execution of the contract of waiver and that he executed the waiver for a valuable consideration which was delivered to him and with full knowledge of all the facts.

The judgment of the district court is reversed, and the case remanded with instructions to render judgment for the full amount of the notes set out in the petition of the plaintiff with interest thereon as provided therein.